IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISA D. BRYAN, | * | |
|    Plaintiff, | * | |
| v. | * | |
| | | Civil Action No. 1:03-cv-00265-AMD |
| LUCENT TECHNOLOGIES INC., | * | |
|    Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

Defendant Lucent Technologies, Inc. ("Lucent") (improperly pled in the Complaint as "Lucent Technologies, Inc." and erroneously identified as a New Jersey corporation), through undersigned counsel, does hereby answer Plaintiff's Complaint as follows:

## INTRODUCTION

Admitted that Plaintiff has brought this action against Lucent, but denied that Lucent is a New Jersey Corporation.

## JURISDICTION AND VENUE

1.    Admitted that Plaintiff attempts to allege various causes of action under Title VII of the Civil Rights Act of 1964. Except as specifically admitted, denied.

2.    Admitted that venue is appropriate. Except as specifically admitted, denied.

3.    Admitted.

4.    Admitted that Lucent is a Delaware corporation with its principal place of business in New Jersey; that Lucent is authorized to do business in the State of Maryland and has a sales office located in Anne Arundel County, Maryland; and that Lucent is engaged in the

design, development and sale of telecommunications equipment and services. Except as specifically admitted, denied.

5. Admitted that venue is appropriate. Except as specifically admitted, denied.

6. As to the allegation contained in paragraph 6 of the Complaint concerning Plaintiff's receipt of a Notice of Right to Sue, Lucent is currently without sufficient knowledge and information to form a belief as to the truth or falsity of this allegation, and, therefore, this allegation is denied. As to the remaining allegations contained in paragraph 6, these allegations constitute legal conclusions, and Defendant is neither required to admit or deny the same. To the extent any further response is required, denied.

## FACTS COMMON TO ALL COUNTS

7. Admitted that Plaintiff was employed by Lucent and/or its predecessor from in or about February of 1978, until her resignation on or about May 24, 2001. Except as specifically admitted, denied.

8. Admitted.

9. Admitted that Plaintiff began her employment with Lucent's predecessor in or about February of 1978. Except as specifically admitted, denied.

10. Denied.

11. Admitted that Plaintiff was supervised by Mr. Christopher Herr from mid- to late 1998 until the summer of 1999. Except as specifically admitted, denied.

12. Admitted that from in or about July of 1999 until August of 2000, Mr. Tom Moore was employed by Lucent as Operations Director and Executive Assistant to Carole Spurrier, and that, at the same time, Ms. Spurrier served as Lucent's Vice President of Sales for North America. Except as specifically admitted, denied.

13. Admitted that, throughout the course of her employment with Lucent, Plaintiff's performance was satisfactory. As to the performance evaluations referenced in paragraph 13 of the Complaint, Lucent states that the documents speak for themselves and denies Plaintiff's summary and characterization thereof. Except as specifically admitted, denied.

14. Denied.

14(a). Denied.

14(b). Denied.

14(c). Denied.

14(d). Denied.

14(e). Denied.

14(f). Denied.

14(g). Admitted that Plaintiff and her co-worker, Jennifer Mazzarello, used the phrases "Little Girl" and "Big Girl" amongst themselves; that Mr. Herr on occasion used such phrases but did not believe that such phrases were offensive to them; and that Mr. Herr immediately ceased using such phrases when he became aware that Plaintiff and Ms. Mazzarello did not appreciate his use of such phrases. Except as specifically admitted, denied.

14(h). Admitted that Plaintiff provided update reports to Mr. Herr, and that on one occasion, Mr. Herr may have utilized the phrase referenced in paragraph 12(h). Except as specifically admitted, denied.

14(i). Admitted that on occasion, Mr. Herr may have used the phrase referenced in paragraph 14(i) of the Complaint while speaking about Ms. Spurrier, and that by the use of such phrase Mr. Herr meant only that he felt nervous and under a great deal of pressure while speaking with Ms. Spurrier. Except as specifically admitted, denied.

14(j).  Denied.

14(k).  Denied.

14(l).  Denied.

15. As to the allegations contained in paragraph 15 of the Complaint, Lucent is currently without sufficient knowledge and information to form a belief as to the truth or falsity of these allegations, and, therefore, these allegations are denied.

16. As to the allegations contained in paragraph 16 of the Complaint, Lucent is currently without sufficient knowledge and information to form a belief as to the truth or falsity of these allegations, and, therefore, these allegations are denied.

17. As to the allegations contained in paragraph 16 of the Complaint, Lucent is currently without sufficient knowledge and information to form a belief as to the truth or falsity of these allegations, and, therefore, these allegations are denied.

18. Denied.

19. Admitted that Mr. Herr was verbally reprimanded and sent for sensitivity training as the result of Ms. Bryan's complaint and the complaint of her co-worker. Except as specifically admitted, denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted that in or about August of 2000, Mr. Moore was promoted and placed in the same supervisory line as Plaintiff. Except as specifically admitted, denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. As to the allegations contained in paragraph 37 of the Complaint, Lucent currently lacks sufficient knowledge and information to form a belief as to the truth or falsity of these allegations, and, therefore, these allegations are denied.

38. As to the allegations contained in paragraph 38 of the Complaint, Lucent currently lacks sufficient knowledge and information to form a belief as to the truth or falsity of these allegations, and, therefore, these allegations are denied.

39. As to the allegations contained in paragraph 39 of the Complaint, Lucent currently lacks sufficient knowledge and information to form a belief as to the truth or falsity of these allegations, and, therefore, these allegations are denied.

40. Denied.

41. Denied.

42. As to the allegations contained in paragraph 42 of the Complaint, Lucent currently lacks sufficient knowledge and information to form a belief as to the truth or falsity of these allegations, and, therefore, these allegations are denied.

43. Denied.

44. As to the allegations contained in paragraph 44 of the Complaint, Lucent currently lacks sufficient knowledge and information to form a belief as to the truth or falsity of these allegations, and, therefore, these allegations are denied.

45. Denied.

46. As to the allegations contained in paragraph 46 of the Complaint, Lucent currently lacks sufficient knowledge and information to form a belief as to the truth or falsity of these allegations, and, therefore, these allegations are denied.

47. Denied.

48. As to the allegations contained in paragraph 48 of the Complaint, Lucent currently lacks sufficient knowledge and information to form a belief as to the truth or falsity of these allegations, and, therefore, these allegations are denied.

49. Admitted that Plaintiff voluntarily resigned from Lucent on or about May 23, 2001. Except as specifically admitted, denied.

50. Denied.

51. Admitted that Lucent announced an early retirement enhancement program in 2001. The documents constituting such program speak for themselves, and Lucent denies Plaintiff's summary and characterization thereof. Except as specifically admitted, denied.

52. Admitted that Lucent would not allow Plaintiff to participate in an early retirement program for employees after Plaintiff had already voluntarily resigned and was no longer a Lucent employee. Except as specifically admitted, denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT I - GENDER DISCRIMINATION AND HARASSMENT
### (Title VII)

58. Lucent hereby incorporates paragraphs 1-57 of its Answer as if fully set forth herein.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT II - RETALIATION
### (Title VII)

68. Lucent hereby incorporates paragraphs 1-67 of its Answer as if fully set forth herein.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## COUNT III - HOSTILE WORK ENVIRONMENT
### (Title VII)

77. Lucent hereby incorporates paragraphs 1-76 of its Answer as if fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## PRAYER FOR DAMAGES

Lucent responds to Plaintiff's prayer for damages by stating that Lucent denies that Plaintiff is entitled to any of the relief requested.

Lucent further responds to Plaintiff's Complaint by stating that any allegation not specifically admitted herein is denied, and with the following further defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims for gender discrimination and retaliation are not actionable because Plaintiff cannot establish a prima facie case of discrimination and/or retaliation under any theory.

### THIRD DEFENSE

Plaintiff's claims for gender discrimination and retaliation are not actionable because Lucent's conduct with respect to Plaintiff and the reasons therefore were in all cases legitimate and non-discriminatory, and Plaintiff is unable to show that any reason offered by Lucent for its conduct with respect to Plaintiff was in any case a pretext for purposeful, intentional and/or legally prohibited discrimination and/or retaliation.

**FOURTH DEFENSE**

In the alternative, Plaintiff's claims for gender discrimination and retaliation are not actionable because the same decisions would have resulted even if an impermissible purpose had not been considered.

**FIFTH DEFENSE**

Defendant reserves the right to assert that Plaintiff has failed to mitigate her damages, if any, should the facts reveal this to be the case upon the completion of discovery.

**SIXTH DEFENSE**

Plaintiff is not entitled to punitive damages because Lucent did not engage in any discriminatory, retaliatory and/or harassing practices, did not act with malice or reckless indifference to Plaintiff's rights, and/or did not act in any other willful or improper manner that supports any award of punitive damages.

**SEVENTH DEFENSE**

Defendant pleads Plaintiff's failure to exhaust her administrative remedies and/or to file a timely charge of discrimination with the appropriate governmental agency.

**EIGHTH DEFENSE**

Defendant reserves the right to assert as a defense, should the facts upon completion of discovery establish it, that Plaintiff's claims are not actionable because they are barred by the applicable statute(s) of limitations.

**NINTH DEFENSE**

To the extent Plaintiff seeks benefits under any Lucent benefit and/or retirement plan, Plaintiff failed to exhaust her administrative remedies in accordance with the applicable plan terms, and her claims are therefore barred by ERISA.

## TENTH DEFENSE

Lucent reserves the right to rely upon any other affirmative and/or further defense established throughout the course of discovery.

WHEREFORE, having answered Plaintiff's Complaint, Lucent respectfully requests that the Court enter judgment in favor of Lucent; dismiss all claims against Lucent with prejudice; award Lucent its costs and reasonable attorney fees; and allow Defendant such other and further relief as to the Court may deem just and proper.

Respectfully submitted,

/s/
Robert R. Niccolini
McGuireWoods LLP
7 St. Paul Street, Suite 1000
Baltimore, Maryland 21202
410-659-4400

Counsel for Lucent Technologies Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2003, the foregoing Answer electronically filed and was mailed, first class, postage prepaid to Paul V. Bennett, Esquire, counsel for Plaintiff, 133 Defense Highway, Suite 209, Annapolis, Maryland 21401.

/s/
Robert R. Niccolini

\\LAB\