McGuireWoods LLP
7 Saint Paul Street
Suite 1000
Baltimore, MD 21202-1671
Phone: 410.659.4400
Fax: 410.659.4599
www.mcguirewoods.com

Robert R. Niccolini
Direct: 410.659.4412

rniccolini@mcguirewoods.com
Direct Fax: 410.659.4489

# McGUIREWOODS

July 21, 2003

**BY ELECTRONIC FILING**

The Honorable Andre M. Davis
United States District Court Judge
United States District Court for the
District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, MD  21201

      Re:    <u>Lisa D. Bryan v. Lucent Technologies Inc.</u>
             Civil Action No.: 1:03-cv-00265-AMD

Dear Judge Davis:

      Pursuant to the Court's March 6, 2003 Scheduling Order in the above-referenced matter, please accept the following as Defendant's required status report.

      Defendant has completed its discovery. Plaintiff, however, has not, and has indicated to Counsel for Defendant that she intends to request an extension of the discovery period, a request that Defendant opposes. In this regard, Defendant would note that, following the Court's denial of a Motion to Consolidate, the Parties agreed to consolidate depositions with the related case of <u>Jennifer Mazzarello v. Lucent Technologies</u>, Civil Action No. 02-cv-3576-AMD, currently pending before this Court. By March, approximately nine (9) depositions had been taken in this respect, and Defendant was left with the impression that depositions were complete. On or about June 30th, however, Plaintiff suddenly indicated that she wished to depose twelve (12) additional individuals before the scheduled close of discovery on July 21st. This request was made even more extreme by the fact that eleven of these individuals no longer even work for Defendant, and that one resides in Virginia, two in New Jersey and one in New York.

      Counsel for Defendant, who was in Texas at the time of Plaintiff's request, indicated to Counsel for Plaintiff that such request was impossible. After further discussion, Defendant provided Plaintiff with last known contact information for the individuals identified, and told Counsel for Plaintiff that they were free to contact the former non-managerial employees (with any managerial employees represented by Defendant to be interviewed only in the presence of Counsel for Defendant). Despite this offer, however, and without consulting with or even warning Counsel for Defendant, Plaintiff's Counsel on the weekend of July 11th-13th began to subpoena such individuals for depositions.

July 21, 2003
Page 2

    Following service of numerous subpoenas, an additional five (5) depositions were conducted by Plaintiff on July 18th-19th. Two depositions were scheduled for today, including one in Annapolis and one in New York, a logistical impossibility. Counsel for Defendant had previously indicated to opposing counsel, however, that Counsel for Defendant was required to be in Philadelphia today for a deposition in another federal case which had been scheduled almost a month prior. In addition, procedural errors existed in the subpoenas for these depositions, rendering them arguably invalid. Counsel for Defendant, therefore, refused to go forward with these additional depositions, or with any depositions scheduled outside of the discovery period.

    Based on the foregoing, it is clear that Defendant and its Counsel have bent over backwards to accommodate Plaintiff's last-minute discovery requests. Defendant maintains that Plaintiff's lax and unreasonable approach to discovery should not be rewarded with an extension of the discovery period. Plaintiff has had months to conduct discovery, and Defendant should not be forced to incur additional cost and expense because Plaintiff chose to wait until a mere three weeks (spanning the July 4th holiday) before the close of discovery to seek additional discovery.

    With respect to other matters, no motions are currently pending other than the discovery issues discussed herein. Assuming that discovery is not extended further, Defendant plans to file a motion for summary judgment on or before August 18, 2003, the dispositive motions deadline set in the Scheduling Order. Plaintiff has made a demand for a jury trial, and Defendant anticipates that a jury trial in this matter, if necessary, would last approximately four to five days. Defendant, through Counsel, certifies that Counsel for the Parties have engaged in settlement discussion, but that a resolution of this matter has not been reached. Defendant believes that some type of ADR would potentially be beneficial, but only after the resolution of Defendant's summary judgment motion. Finally, the Parties have not consented to trial before a magistrate judge.

    If the Court has any questions or requires any additional information, please do not hesitate to have your Clerk contact me directly. Otherwise, Defendant greatly appreciates your time and consideration in this matter.

                                            Sincerely,

                                            Robert R. Niccolini /sh

RRN/sh
cc:    Paul V. Bennett, Esquire