PDFMAILER.COM  Print and send PDF files as Emails with any application, ad-sponsored and free of charge  www.pdfmailer.com

# Law Office of Paul V. Bennett
133 Defense Highway, Suite 209
Annapolis, Maryland 21401

Paul V. Bennett (MD,DC,VA,CA)                                                         (410) 974-6000
James E. Zuna, Jr. (MD)                                                                 (301) 261-8161
_____                                                         Fax: (410) 224-4590
David Ricklis, Paralegal                                                       Email: bennlaw@aol.com

July 21, 2003

BY ELECTRONIC FILING

Hon. Andre M. Davis
United States District Court
for the District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

                Re:     Lisa Bryan v. Lucent Technologies, Inc.,
                          Civil Action Number AMD 03 CV 0265

Dear Judge Davis:

      This letter constitutes the Status Report of the Plaintiff in the above captioned matter, per the Court's Scheduling Order of March 6, 2003.

Status of Discovery:

      The parties have not completed written discovery in this matter, because Defendant's discovery responses, received in this office on or about July 14, 2003, are woefully inadequate. Plaintiff hopes to be able to resolve these issues informally, and has sent correspondence to counsel for Defendant addressing same.

      As the Court may recall, the parties had filed a Joint Motion to Consolidate this matter with the case of Jennifer Mazzarello v. Lucent Technologies, Civil Action Number AMD-02-CV-3576. That Motion was denied by the Court. After the disposition of the Joint Motion to Consolidate, the parties endeavored to conduct depositions in both Ms. Mazzarello's and, to the extent applicable, Ms. Bryan's cases.

      Following the conclusion of discovery in Ms. Mazzarello's case, Defendant Lucent filed a Motion for Summary Judgment, which Ms. Mazzarello has opposed and which is currently scheduled to be argued before this Court on July 23, 2003.

      Before receiving Defendant's discovery responses, Plaintiff sought to begin scheduling depositions to be conducted solely on Ms. Bryan's behalf. Counsel for Defendant was notified via telephone on June 26, 2003 as to the identity of individuals whom Ms. Bryan wished to depose. As the vast majority of the individuals named were current or former employees of Defendant Lucent, and as Lucent had previously insisted upon contacting

PDFMAILER.COM Print and send PDF files as Emails with any application, ad-sponsored and free of charge www.pdfmailer.com

Hon. Andre M. Davis
July 21, 2003
Page Two

its former employees itself, defense counsel was requested to advise as to the witnesses' availability to appear for deposition.

On or about July 1, 2003, counsel for Defendant sent to this office a letter in which he advised that Defendant Lucent objected to the number of depositions proposed, and threatened to file a motion for protective order in the event that Ms. Bryan insisted upon taking the proposed depositions. As a result, Plaintiff submitted to Defendant on July 3, 2003 a Notice of Deposition. Plaintiff further proposed that she be permitted to speak with certain former employees in an attempt to reduce the number of depositions to be taken. In a letter dated July 7, 2003, defense counsel argued that the July 3 Notice of Deposition was ineffective, but consented to Plaintiff contacting certain former employees. Defendant Lucent did not, however, provide the requested contact information until Friday, July 11, 2003, and in the case of Ms. Yssis Reyes, a current Lucent employee, Lucent did not submit contact information until Monday, July 14, 2003. As a result of Lucent's lack of cooperation, Plaintiff was forced to issue subpoenas for individuals in New York, Virginia, and Maryland, to appear for depositions between July 17 and July 21, 2003. Between July 12 and July 15, 2003, service of subpoenas was completed on several individuals, and several depositions were in fact taken. Despite Plaintiff's best efforts, there remains several individuals who have not been deposed. They are as follows:

    1.    Mr. John Donaldson. Mr. Donaldson is a former "C" Level manager within Lucent. Mr. Donaldson's contact information was provided on July 11, 2003, and a subpoena was issued on that date to secure his appearance for deposition on July 17, 2003. However, despite numerous attempts to serve Mr. Donaldson, he has not been served.

    2.    Mr. Ed May. Mr. May is a former Lucent Human Resources Manager. Mr. May's contact information in New York City was provided on July 11, 2003, and a subpoena was issued to secure his appearance in New York City on July 21, 2003. Mr. May was served on July 12, 2003. However, defense counsel objected to the subpoena, citing a deficiency in the subpoena[1]. Defense counsel further informed this office that he unable to appear on July 21, 2003 due to a previously scheduled deposition in Philadelphia. As a result, the scheduled deposition of Mr. May did not take place.

    3.    Mr. Don Ames. Mr. Ames is a former manager within Defendant Lucent who currently resides in Herndon, Virginia. Mr. Ames' contact information was provided to this office on July 11, 2003, and a subpoena was issued on that date to secure Mr. Ames' appearance in this office on July 21, 2003. Counsel for Lucent objected to the taking of Mr. Ames' deposition, citing an unspecified "defect" in the subpoena, which defense counsel has refused to identify or clarify. As counsel for Lucent objected to the service of process and advised that counsel was further unavailable to appear at deposition, Mr. Ames' deposition also did not take place as scheduled.

    4.    Ms. Gerry Auer. Ms. Auer is a former Human Resource Manager with Defendant Lucent who allegedly received complaints from Ms. Bryan related to the facts as alleged in the Complaint. Ms. Auer's contact information in New Jersey was received on July 11, 2003. With Defendant's consent, this office was

---

[1] The deficiency apparently lies in the fact that the subpoena stated that it was issued by this Court rather than the "United States District Court for Southern District of New York (Pending in Maryland.)"

PDFMAILER.COM  Print and send PDF files as Emails with any application, ad-sponsored and free of charge   www.pdfmailer.com

Hon Andre M. Davis
July 21, 2003
Page Three

able to contact Ms. Auer in order to determine her availability to appear for deposition.  Ms. Auer advised this office that she was unable to appear for deposition during the week of July 14-18 due to a previously scheduled family commitment, and was further unable to appear during the week of July 21-25, due to a previously scheduled vacation.

     5.     Yssis Reyes.  Ms. Reyes is a current employee in New Jersey with information pertaining to Defendant's response to Ms. Bryan's EEOC claim.  Ms. Reyes' contact information was not received in this office until July 14, 2003.  A subpoena was issued for Ms. Reyes to appear for deposition in New Jersey on July 23, 2003.  Counsel for Defendant has indicated that he is unavailable to appear on that date as well.

     6.     Kelly Hanlon.  Ms. Hanlon is a former Lucent employee with information related to the conduct of certain Lucent employees as described in the Complaint.  Ms. Hanlon's last known address was provided by Lucent on July 11, 2003, and a subpoena was issued to secure Ms. Hanlon's appearance in this office on July 17, 2003.  Ms. Hanlon was served with the subpoena, but failed to appear for deposition on July 17, 2003.  Counsel for Defendant has indicated that he has no objection to the extension of the discovery deadline in order to take Ms. Hanlon's deposition, although Lucent objects to an extension for the purpose of deposing Mr. Donaldson, Mr. Ames, Ms. Reyes, and Ms. Auer.

Pending Motions

     There are no motions pending at this time.  Plaintiff by this report is requesting that the discovery deadline in this matter be extended to August 11, 2003 so that the above depositions may be taken.  Defendant Lucent has consented to the extension of the discovery deadline for the purpose of deposing Ms. Kelly Hanlon, but objects to an extension for any other purpose.  Plaintiff further intends to file a Motion to Compel or Motion for Show Cause Order in order to secure Ms. Hanlon for deposition.

Intent to File Dispositive Motions

     Plaintiff does not intend to file a dispositive motion in this matter.  It is anticipated that Defendant will file a Motion for Summary Judgment once discovery is completed.

Trial By Jury and Anticipated Length of Trial

     Plaintiff respectfully requests that this matter be tried by jury.  Plaintiff anticipates that the trial in this matter will last approximately seven days.

Settlement Negotiations

     The parties have engaged in settlement negotiations in this matter.  Plaintiff submitted a Settlement Demand Letter on behalf of both Ms. Mazzarello and Ms. Bryan to Defendant on or about March 6, 2003.  During a round of depositions on March 24, 2003 at which Ms. Mazzarello and Ms. Bryan were present, counsel for Defendant submitted to Plaintiffs an offer of settlement.  That offer was rejected by Plaintiffs at that time.  There have been no further discussions related to settlement with regard to Ms. Bryan as of the writing of this report.

PDFMAILER.COM Print and send PDF files as Emails with any application, ad-sponsored and free of charge www.pdfmailer.com

Hon. Andre M. Davis
July 21, 2003
Page Four

Settlement Conference/ADR

    Plaintiff believes that it would be helpful to submit this case to a Settlement Judge.

Magistrate Judge

    The parties do not consent to having a Magistrate Judge preside over the trial of this matter.

Other Matters

    There are no other matters at this time.

    Please advise the parties whether discovery may be extended in this matter, so that depositions may be scheduled accordingly. Thank you for your attention to this matter, and please do not hesitate to contact counsel if you have any questions.

    Very truly yours,

    /s/

    James E. Zuna, Jr., #15690

cc:     Robert R. Niccolini, Esq.